RECEIVED
- USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6 / 24 / 2010
M Cassanova

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * <br> * | CR. NO. 10-CR-00199 |
| VERSUS | * <br> * | 18 U.S.C. § 371 - Conspiracy <br> 18 U.S.C. §1341 - Mail Fraud |
| MAHINDERPAL SINGH DHALIWAL, <br> a/k/a PAUL DHALIWAL | * <br> * | 18 U.S.C. § 1001 - False Statement <br> 8 U.S.C. § 1324(a)(1)(A)(iv) and (v)(II) and (B) - Encouraging and Inducing Aliens to Come To, Enter and Reside in the United States in Violation of Law |
| | * <br> * <br> * | DISTRICT JUDGE JAMES <br> MAGISTRATE JUDGE HAYES |

## INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT 1
(Conspiracy - 18 U.S.C. § 371)

A.    THE CONSPIRACY

Beginning on or about August 30, 2000, and continuing until on or about January 30, 2008,

in the Western District of Louisiana and elsewhere, the Defendant, MAHINDERPAL SINGH

DHALIWAL, also known as PAUL DHALIWAL, did knowingly and willfully conspire, confederate

and agree together with others both known and unknown to the Grand Jury, to defraud the United

States, and agencies of the United States, of and concerning its governmental functions and rights,

and to commit offenses against the United States, these offenses being:

1.    Fraud and Misuse of Visas, Permits and other Documents in violation of Title 18,

United States Code, Section 1546 (18 U.S.C. §1546).

2.    Mail Fraud in violation of Title 18, United States Code, Section 1341 (18 U.S.C.

§1341).

3.    Fraud and Misuse of Visas in violation of Title 18, United States Code, Section §1546.

4.    Bringing in and Encouraging and Inducing Aliens to Come to, Enter and Reside in the United States in Violation of Law in violation of Title 8, United States Code, Section § 1324(a)(1)(A)(iv), and §1324(a)(1)(A)(v)(II) (8 U.S.C. §1324(a)(1)(A)(iv) and §1324(a) (1)(v)(II)).

5.    False Statements or Entries, in violation of Title 18, United States Code, Section 1001.  (18 U.S.C. §1001).

B.    OBJECT OF THE CONSPIRACY

The primary object of the conspiracy and the scheme and artifice to defraud the United States and commit offenses against the United States was for the Defendant and coconspirators, known and unknown to the Grand Jury, to obtain and present false and fraudulent applications, documents, and other information to the United States of America, the United States Department of Labor, the United States Department of Homeland Security, the United States Citizenship and Immigration Service, and the United States Department of State, so that aliens could falsely, improperly, and unlawfully enter and remain in the United States of America.  The Defendant sought to receive and did receive payment for each alien who sought or applied for a visa to enter the United States.

C.    MANNER AND MEANS OF THE CONSPIRACY AND SCHEME TO DEFRAUD

The Defendant, MAHINDERPAL SINGH DHALIWAL, also known as PAUL DHALIWAL, and others acting with the Defendant and in his behalf, made false and fraudulent representations and promises to aliens that the Defendant and others known and unknown to the Grand Jury, could

arrange for aliens to lawfully enter and remain in the United States of America. Aliens subsequently paid monies and funds for the Defendant and others known and unknown to the Grand Jury, to arrange with appropriate United States departments and agencies, including the United States Department of Labor, the United States Department of Homeland Security, the United States Citizenship and Immigration Service, and the United States Department of State, for the aliens to attempt to enter and to enter the United States of America.

The Defendant and other members of the conspiracy made and presented false and fraudulent documentation, applications, information, and statements to induce, cause and support the application by aliens to apply for a visa in India to enter the United States and work in the United States. These were submitted to the above described departments and agencies of the United States.

The Defendant used the following manners and means among others:

1.    The Defendant incorporated companies so that these companies would appear to be in the shipping business and other businesses and that these businesses needed workers. Two of these companies were Swift Ship Repair and Welding Inc., incorporated on or about August 30, 2000, and Central Steamship Inc., incorporated on or about January 18, 2002. The Defendant was the registered agent for these companies and both companies used the Defendant's office address of 141 DeSiard Street, Suite 304, Monroe, Louisiana as their address.

2.    The Defendant also used this same address (141 DeSiard Street, Suite 304, Monroe, Louisiana) for other unincorporated businesses using the names: Swift Shipping & Repair, Inc., Swift Shipping, Swift Ship, Swift Ship Repair and Swift Inc., on documents submitted to departments and agencies of the United States.

3.      The Defendant operated and controlled Swift Ship Repair and Welding Inc, and Central Steamship Inc., and Swift Shipping & Repair, Inc., and Swift Shipping, Swift Ship, Swift Ship Repair and Swift Inc.

4.      The Defendant sent false and fraudulent paperwork and documents to the United States Department of Labor, the United States Department of Homeland Security, the United States Citizenship and Immigration Service, and the United States Department of State so that individuals in India could use fraudulently obtained documents and paperwork to apply for and obtain visas at a United States Embassy in India so that these individuals could then enter the United States.

5.      The Defendant sent false and fraudulent paperwork and documents to individuals and businesses in India so that individuals in India could use fraudulently obtained documents and paperwork to apply for and obtain visas at a United States Embassy in India so that these individuals could then enter the United States.

6.      The Defendant provided the names of ships that he found in the newspaper on documents he created requesting crewmen to be allowed to transit to the ships through the United States or work on ships and with certain companies.

7.      The Defendant obtained telephone service and a telephone number in the United States for United States officials and others to call to contact the Defendant or verify information contained in the visa applications.

8.      The Defendant provided addresses and a telephone number and other contact information to serve as references within the United States in the event consular officers or others called or wrote to confirm the information on the visa applications.

Page 4

9.    The Defendant rented office space at the following address: 550 North Reo Street, Suite 300, Tampa, Florida.

10.   The Defendant listed the 550 North Reo Street, Suite 300, Tampa, Florida, address as the office and mailing address for Central Steamship Inc., on various documents submitted to departments and agencies of the United States.

11.   The Defendant provided his fraudulent services and documents to individuals and businesses in India

12.   The Defendant received payment of $1,500 for each alien who made an application for a visa in India.

13.   The Defendant received a total of between $60,000 to $70,000 for providing these services.

14.   The Defendant received other benefits for providing these services.

15.   From March 1, 2004 to June 12, 2006, the Defendant caused approximately 79 fraudulent applications for visas (including C1/D visas) to be submitted to the United States Department of State in India for visas.

16.   The Defendant caused approximately thirty (30) of these applicants to receive a visa to enter the United States.

17.   The Defendant caused approximately twenty-seven (27) of the thirty (30) applicants to enter the United States.

19.   The Defendant caused other aliens to present false information and applications to obtain visas (including H-2B visas) to enter the United States to the United States Department of State in India.

Page 5

20. On or about April 26, 2007, in India, the Defendant did knowingly and willfully make a material false and fraudulent statement to United States Department of State, Diplomatic Security Service Special Agent Charles Beckmeyer in connection with a matter under investigation and within the jurisdiction of the United States Department of State, and the Diplomatic Security Service, when for the purpose of misleading the United States Department of State, and the Diplomatic Security Service, the Defendant falsely stated that he had never owned or registered any other companies, besides Swift Shipping, and that he had never been associated with a company known as Central Steamship, when in truth and in fact he did own and register other companies besides Swift Shipping, and he was associated with a company known as Central Steamship.

## D. OVERT ACTS

In furtherance of the conspiracy and to effect the object thereof, the Defendant, MAHINDERPAL SINGH DHALIWAL, also known as PAUL DHALIWAL, and conspirators known and unknown to the Grand Jury performed or caused to be performed the following overt acts, among others, in the Western District of Louisiana and elsewhere:

1. The allegations of Counts 2 through 35 of this Indictment are alleged and incorporated as though fully set forth herein as separate overt acts.

The conspiracy set forth herein and all of the above-described overt acts being all in violation of Title 18, United States Code, Section 371. [18 U.S.C. § 371].

**COUNT 2 through COUNT 6**
(Mail Fraud -18 U.S.C. §1341)

A.     MAIL FRAUD

From on or about August 30, 2000, and continuing until on or about January 30, 2008, in the Western District of Louisiana, the Defendant, MAHINDERPAL SINGH DHALIWAL, also known as PAUL DHALIWAL, aiding and abetting others and aided and abetted by others known and unknown to the Grand Jury, did knowingly and willfully devise and intended to devise a scheme and artifice to defraud the United States of America, and departments and agencies of the United States of America, including the United States Department of Labor, the United States Department of Homeland Security, the United States Citizenship and Immigration Service, and the United States Department of State, by means of material false or fraudulent pretenses and to commit offenses against the United States.

B.     THE SCHEME AND ARTIFICE TO DEFRAUD

The Defendant, MAHINDERPAL SINGH DHALIWAL, also known as PAUL DHALIWAL, aided and abetted by others known and unknown to the Grand Jury and aiding and abetting others known and unknown to the Grand Jury, devised a scheme and artifice to defraud the United States of America, and departments and agencies of the United States including the United States Department of Labor, the United States Department of Homeland Security, the U.S. Citizenship and Immigrations Service, and the United States Department of State so that an alien could falsely, improperly and unlawfully seek and falsely obtain a visa to enter and remain in the United States.

As part of the scheme and artifice and to further the scheme and artifice to defraud, the Defendant knowingly made false and fraudulent statements on forms and documents used by the

Page 7

United States Department of Labor, the United States Department of Homeland Security, the U.S. Citizenship and Immigration Service, and the United States Department of State, and other forms and documents on which the Defendant falsely stated that the aliens would be working for Swift Shipping and Repairs, Inc., Central Steamship Inc., or other companies.

C.    THE MAILINGS

On or about the dates listed below, in the Western District of Louisiana, the Defendant, MAHINDERPAL SINGH DHALIWAL, also known as PAUL DHALIWAL, for the purpose of executing and attempting to execute the scheme and artifice to defraud, did knowingly place and cause to be placed in the mails, a matter and thing to be sent and delivered by an authorized depository for mail matter to be sent and delivered by commercial interstate carrier, in this case FedEx, an envelope containing forms, paperwork and documents,

| Count | Date | Mailing | |
|-------|------|---------|---|
| 2 | August 24, 2005 | addressed to: | Ramesh Shetti, Bayline Ship Management Nasmi Building, Room 21/22 10 Raghunath Dadaji Street, Fort Mumbai IN |
| 3 | August 05, 2005 | addressed to: | Mrs. Padmini Nagdev Varon Syrtis Ship Mgt. Office No. 1 Bldg 1 AkhandJyoti Bldg 8th Road Santacrez (East)Mumbai, India |
| 4 | October 25, 2006 | addressed to: | Homeland Security U.S. Citizenship & Immigration Service 75 Lower Welden St. Saint Alban, VT |

| 5 | November 6, 2006 | addressed to: | Homeland Security |
|---|---|---|---|
| | | | U.S. Citizenship & Immigration Service |
| | | | 75 Lower Welden St. |
| | | | Saint Albans, VT |
| | | | |
| 6 | November 21, 2006 | addressed to: | VSC Premium Processing |
| | | | Vermont Service Center |
| | | | 30 Houghton Street |
| | | | St. Albans, VT |

and as to each Count, all in violation of Title 18, United States Code, Sections 1341 and 2. [18 U.S.C. § 1341 and §2]

### COUNT 7 through COUNT 10
(False Statement - 18 U.S.C. §1001)

In the Counts and on or about the dates listed below, in the Western District of Louisiana, and elsewhere, the Defendant, MAHINDERPAL SINGH DHALIWAL, also known as PAUL DHALIWAL, did knowingly make under oath and subscribe as true under penalty of perjury and under section 1746 of Title 28, United States Code, a false statement with respect to a material fact in an application, affidavit, and document required by the immigration laws or regulations of the United States and prescribed thereunder, and knowingly presented such application, affidavit and other document which contained such false statement to the United States of America, that is, United States Citizenship and Immigration Services (USCIS) Form I-907, and supporting paperwork in which the Defendant stated that the aliens would be working for Swift Shipping and Repair, Inc, in the United States, when the Defendant then and there well knew that the aliens would not be working for Swift Shipping and Repair, Inc.

| COUNT | DATE |
|---|---|
| 7 | October 24, 2006 (50 unnamed workers) |
| | |
| 8 | October 24, 2006 (20 unnamed workers) |

Page 9

9          October 24, 2006 (unnamed workers)

10         November 6, 2006 (unnamed workers)

and as to each Count, all in violation of Title 18, United States Code, Sections 1001. [18 U.S.C. §1001.]

## COUNT 11 through COUNT 14
(False Statement -18 U.S.C. §1001)

In the Counts and on or about the dates listed below, in the Western District of Louisiana, and elsewhere, the Defendant, MAHINDERPAL SINGH DHALIWAL, also known as PAUL DHALIWAL,  did knowingly make under oath and subscribe as true under penalty of perjury and under section 1746 of Title 28, United States Code, a false statement with respect to a material fact in an application, affidavit, and document required by the immigration laws or regulations of the United States and prescribed thereunder, and knowingly presented such application, affidavit and other document which contained such false statement to the United States of America, that is, United States Citizenship and Immigration Services (USCIS) Form I-129, and supporting paperwork in which the Defendant falsely stated that the aliens would be working for Swift Shipping and Repair, Inc., in the United States, when the Defendant, then and there well knew that the aliens would not be working for Swift Shipping and Repair, Inc.

| COUNT | DATE |
|-------|------------|
| 11    | 10/23/2006 |
| 12    | 10/24/2006 |
| 13    | 10/24/2006 |
| 14    | 11/06/2006 |

and as to each Count, all in violation of Title 18, United States Code, Section 1001.  [18 U.S.C.

Page 10

and as to each Count, all in violation of Title 18, United States Code, Section 1001. [18 U.S.C. §1001.]

## COUNT 15 through COUNT 34

(Bringing in and Encouraging and Inducing Aliens to come to, Enter and Reside in the United States)

In the Counts and on or about the dates listed below, and concerning the aliens listed below by initial only, but whose full names are known to the Grand Jury, in the Western District of Louisiana, the Defendant, MAHINDERPAL SINGH DHALIWAL, also known as PAUL DHALIWAL, aiding and abetting others and aided and abetted by others, did encourage and induce an alien, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence into the United States would have been in violation of law:

| COUNT | DATE | INITIALS OF NAME OF ALIEN |
|---|---|---|
| 15 | 07/13/2005 | BS |
| 16 | 07/19/2005 | AS |
| 17 | 09/11/2005 | GKS |
| 18 | 09/16/2005 | AR |
| 19 | 09/13/2005 | SBSR |
| 20 | 10/02/2005 | CS |
| 21 | 10/07/2005 | VM |
| 22 | 10/18/2005 | AC |
| 23 | 04/09/2006 | MKS |
| 24 | 12/05/2005 | JAMM |
| 25 | 11/20/2005 | VRN |
| 26 | 11/22/2005 | RJ |
| 27 | 01/25/2006 | CMT |
| 28 | 01/23/2006 | KM |
| 29 | 01/28/2006 | PS |
| 30 | 03/08/2006 | PKK |
| 31 | 02/14/2006 | MLC |
| 32 | 03/28/2006 | SB |
| 33 | 03/26/2006 | SKM |
| 34 | 06/13/2006 | KM |

§1324(a)(1)(B)(I), and 18 U.S.C. §2. [8 U.S.C. §1324(a)(1)(A)(iv), §1324(a)(1)(A)(v)(II),

and§1324(a)(1)(B)(I) and 18 U.S.C. §2]

## COUNT 35
(False Statement - 18 U.S.C. §1001)

On or about April 26, 2007, in India, the Defendant, MAHINDERPAL SINGH DHALIWAL,

also known as PAUL DHALIWAL, a resident of the Western District of Louisiana, did knowingly

and willfully make a material false and fraudulent statement to United States Department of State,

Diplomatic Security Service Special Agent Charles Beckmeyer, in connection with a matter under

investigation and within the jurisdiction of the United States Department of State, and the

Diplomatic Security Service, when for the purpose of misleading the United States Department of

State, and the Diplomatic Security Service, the Defendant falsely stated that he had never owned or

registered any other companies, besides Swift Shipping, and that he had never been associated with

a company known as Central Steamship, when in truth and in fact he did own and register other

companies besides Swift Shipping, and he was associated with a company known as Central

Steamship, all in violation of 18 U.S.C. § 1001.

[18 U.S.C. §1001].

A TRUE BILL.

STEPHANIE A. FINLEY
UNITED STATES ATTORNEY

By: *Robert W. Gillespie, Jr.*
ROBERT W. GILLESPIE, JR.
Assistant U.S. Attorney, LA Bar No. 06202
300 Fannin Street, Suite 3208
Shreveport, LA 71101
(318) 676-3608
Email: Robert.Gillespie@usdoj.gov